## Clark *v.* Russell.

### In the Court below,

EDWARD RUSSELL, Esq. *Plaintiff ;* DANFORTH CLARK, and
EDMUND PRATT, *Defendants.*

In an action on a probate bond, it is not necessary to state for whose benefit the suit is brought.
In debt on bond, it is sufficient to demand the penalty as being due from the defendant, and by him unjustly detained, and to aver non-performance of the condition, after reciting it, without expressly alleging that the penalty has not been paid.
Under the statute of distributions, as it existed previous to the revision of 1784, the half blood were entitled to an equal share with the whole blood in estate which came from their common ancestor.

THIS was an action of debt on a probate bond, dated the 2d of June, 1777.

The plaintiff declared, in a plea, that to the plaintiff the defendants render the sum of two hundred pounds, which to the plaintiff the defendants justly owed, and from him unjustly detained ; the bond, payable to *Aaron Elliot*, Esq. Judge of Probate for the district of Guilford, or his successors in office, was then set forth, with a condition annexed conformable to the statute ; and the declaration concluded by averring the successorship of the plaintiff, and alleging, that no part of the condition had been performed.

From the subsequent pleadings the following facts appeared : *Samuel Clark* died, after having been twice married, by the first venter having had *Samuel*, *Stephen*, and *Joanna*, and by the second, *Titus* and *Danforth*. His real estate descended to, and was divided amongst all the children above named. *Titus* died, leaving the estate thus descended from his father, and without issue. *Danforth*, claiming as brother of the whole blood, and sole heir, entered into the possession and exclusive enjoyment of the whole estate. The other brother and the sister of the half blood to *Titus* claimed their equal shares. The Superior Court decided in their favour.

Before this Court, *Ingersoll*, for the plaintiffs in error, contended,

1. That the declaration was ill, because it did not aver for whose use the bond was put in suit. The judge of probate is a trustee for all the persons *interested ;* and it ought to

appear, on the face of the declaration, for whose benefit he brings the action.

2. That the declaration was insufficient, because it contained no averment that the penalty of the bond was unpaid. Such an averment is necessary ; for though the condition be broken, yet if the obligor has paid the penalty, no action will lie against him. A bondsman cannot be compelled to pay more than the penalty.

3. That the half blood, by the statute under which this descent was cast, (a) was excluded from the inheritance. That statute was made in affirmance of the common law. The words of the statute were " *next of kin*," by which, when used with reference to real estate, was meant, at common law, *of the whole blood.* The legislature, by an act passed in 1727, (b) providing that the half blood should take

(a) The statute referred to was passed in October, 1699, and remained in force, without alteration, except by the act of 1727, until the revision in 1784. The words of the clause in question were—" The residue both of the real and personal estate equally " to every of the next of kin of the intestate in equal degree, and " to those who legally represent them ; no representatives to be " admitted among collaterals after brothers' and sisters' children : " and if there be no wife, all shall be distributed among the chil- " dren ; and if no child, to the next of kin to the intestate in " equal degree, and their legal representatives as aforesaid."

(b) That act was as follows : " An Act in explanation of, and addition to, the law, entitled, An Act for the settlement of intestate estates ; particularly, that clause in the fifth paragraph, in these words, *viz.* ' The residue both of real and personal estate, equally ' to every of the next of kin of the intestate in equal degree.'

### [*Enacted in May*, 1727.]

*Be it enacted by the Governour, Council and Representatives, in General Court assembled, and by the Authority of the same,* That in the distribution of the personal estate, is, and shall be understood, construed and intended, by the said words [next of kin in equal degree] those persons which are next in the line ascend-

1805.

CLARK
v.
RUSSELL.

with the whole blood, virtually declared, that before that time the former was excluded. That act was repealed in 1750, and the statute of distributions remained, until after this descent was cast, as it was originally. In the case of *Sturges v. Burr & al.* (c) which came before the General

ant and transverse (*i. e.*) accounting the father in the first degree ascendant, and the brother in the first degree transverse ; and so onward, without any distinction to be made in the quantity, that is, the totality or partiality of the blood.

*And in the descent, division and settlement of estates of inheritance, or real estate, where any settlement of any real estate remains yet to be done ; and at all times hereafter, when any debates shall arise among the next of kin to the intestate, about the settlement of the real estate, aforesaid,*

*It is hereby enacted and ordained,* That the said real estate, which came to the intestate by descent, shall descend to and be settled upon the whole blood and half blood equally, without distinction ; when it shall happen that those of the half blood, are of the blood of the ancestor to the intestate, from whom the estate descended. And on the contrary, (*i. e.*) when the half blood is not of the blood of the said ancestor, the half blood shall not be admitted to divide the inheritance with the whole blood in the same degree : But in case the real estate came to the intestate by purchase, the totality or partiality of the blood shall not be considered.

*And it is further provided,* That if there be none in equal degree of kindred with the half blood, in the line transverse, as aforesaid, the half blood shall be admitted to inherit.

*And it is further provided,* That the next degree of kindred in the line transverse, shall be admitted to the inheritance before the next degree of kindred in the line ascendant ; and the next degree of kindred in the line ascendant, shall be admitted to the inheritance before a remoter degree in the line transverse ; (*i. e.*) the brothers and sisters shall inherit before the parent ; and the parent from whom the intestate descended, shall be admitted before the uncle or counsin German, or brothers' children ; and the brothers' children before the uncle ; and in the like manner the remoter degrees of kindred shall inherit."

(c) The following is a concise statement of that case : *Jonathan Sturges,* the elder, was the ancestor from whom the estate came.

Assembly on a writ of error, the point in controversy was
directly decided against the half blood.

1805.

CLARK
*v.*
RUSS

*R. Griswold,* for the defendant in error.

1. It is true, that the bond is taken for the benefit of heirs,
legatees, and creditors. The judge of probate is their trus-
tee. But he is also the trustee of the law. If the adminis-
trator neglects his duty, the judge of probate may, of his
own accord, bring an action to compel a settlement of the
estate, that there may be no dispute afterwards when mi-
nors come of age, &c. Besides, he has a direct personal in-
terest for his fees, which are secured by the bond. This
mode of bringing the action has, also, the sanction of uniform
practice.

2. The declaration does, in substance, say, that the bond
is forfeited, and that the defendant detains the penalty.
Nothing more is necessary to entitle the plaintiff to a recov-
ery. If excessive damages have been given, the remedy is
by a petition for a new trial.

3. The distribution of real estate is regulated entirely by
statute. The English common law is of no use any further
than to explain the *terms.* Those in our statute before the
revision of 1784 are the same with those in the English
statute with regard to personal property ; but the latter stat-

He had, by a first venter, two sons, *Jonathan* and *Peter ;* and by
a second venter, one son, *David,* and three daughters. *David* had
an only child, *Elizabeth,* the person last seised, who died, after her fa-
ther, without issue. The Court of Probate distributed the estate to
the sisters of her father, in exclusion of *Jonathan* 2d, and *Peter,* bro-
thers of the half blood. The representative of the latter appealed,
claiming that all the children of *Jonathan,* the elder, were entitled
to an equal share. The Superior Court, at *August* Term, 1764,
*Fairfield* County, affirmed the decree of probate ; and on a writ
of error to the General Assembly, at the *October* session following,
the judgment of the Superior Court was affirmed.

ute has never been construed to exclude the half blood. The case of *Sturges* v. *Burr* has been over-ruled by subsequent decisions.   In *Peck* v. *Marvin*, (*d*) the half blood were held to be entitled, under the old statute, to share equally with the whole blood in the inheritance of their common ancestor.   That decision has been acquiesced in ever since ; and the principle has been considered as settled.

By THE COURT, unanimously,

The judgment was affirmed.

(*d*) This was an appeal from probate, decided in *New-London* County, *March* Term, 1786.

## Spencer *v.* Usher.

### In the Court below,

HARRIS USHER, *Plaintiff* ;  JARED SPENCER, *Defendant.*

A report of auditors, that the defendant *has fully accounted*, is ill, and will be set aside.

The proceedings of auditors may be inquired into, to shew, that they mistook the law, as applicable to the facts before them.

THIS was an action of account, declaring, that the plaintiff had delivered to the defendant, for collection, a promissory note, payable to *Justin Worthington*, and assigned to the plaintiff ; and that the defendant had collected the money, but had rendered no account.

On the issue of *never bailiff and receiver*, the jury found for the plaintiff ; and the Court rendered judgment, *quod computet*.

The auditors reported in favour of the defendant in these words : " We have examined and adjusted the accounts be-" tween the plaintiff and defendant, concerning the premis-" es, and take leave to report, that we are of opinion, that " the defendant has fully accounted, and do award the same."